**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Willie J. HURST, Defendant/Appellant.**

No. ED 85592.

Missouri Court of Appeals,
Eastern District,
Division One.

July 11, 2006.

---

Jessica Hathaway, Assistant Appellate Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for respondent.

Before MARY K. HOFF, P.J. and CLIFFORD H. AHRENS, J. and PATRICIA L. COHEN, J.

OPINION

PER CURIAM.

Willie Hurst (Defendant) appeals from the trial court's judgment and sentence imposed after a jury found him guilty of three counts of first-degree statutory rape (Counts I, II, and V), in violation of Section 566.032 RSMo 2000,[1] one count of first-degree statutory sodomy (Count III), in violation of Section 566.062, and one count of second-degree attempted statutory rape (Count IV), in violation of Section 564.011. The trial court sentenced Defendant, as a persistent offender and a predatory sexual offender, to terms of life imprisonment with minimum parole eligibility set at 25 years on Counts I, II, III, and V, and to a term of seven years on Count IV,[2] all terms to be served concurrently. However, because the trial court erred in finding Defendant to be a predatory sexual offender for purposes of sentencing as to Counts I and II, and, thus, erred in sentencing him to mandatory terms of life imprisonment with parole restrictions as to those counts, the sentences on Counts I and II are set aside and the cause remanded for resentencing on those counts only, in accordance with this opinion. In all other respects, the judgment is affirmed.

---

1. Subsequent statutory references are to RSMo 2000, unless otherwise indicated.

2. Defendant does not raise any points of error with regard to Count IV.

## Facts

The State charged Defendant as a predatory sexual offender based on two prior guilty pleas entered on October 16, 1998, for first-degree child molestation involving two separate victims. The State also charged Defendant as a persistent offender based on the two prior guilty pleas, which were Class B felonies, and on a separate guilty plea to first-degree child molestation, which was a class C felony.

## Discussion

In his first point on appeal, Defendant claims that the trial court erred and abused its discretion in finding him to be a predatory sexual offender and, thus, erred in sentencing him to mandatory terms of life imprisonment with parole restrictions on Counts I, II, III, and V. Defendant argues the State did not prove beyond a reasonable doubt that he had previously pleaded guilty to or committed acts constituting first-degree child molestation, a class B felony. Defendant further argues the State's evidence showed that he had previously pleaded guilty to first-degree child molestation when it was classified as a C felony, and the plea of guilty to the offense so classified does not require mandatory life sentences. Defendant requests this Court to remand the case for resentencing without the predatory sexual offender designation.

■ In its brief, the State concedes that the trial court erred in sentencing Defendant as a predatory sex offender as to Counts I and II because the acts Defendant was convicted of committing in those counts occurred prior to the enactment of the predatory sexual offender statute. Nonetheless, the State argues that State's Exhibit OTH 1 contained sufficient evidence to show Defendant previously had committed acts against more than one victim which would constitute the class B felony of first-degree child molestation for purposes of sentencing as a predatory sex offender as to Counts III and V. We agree.

■ Although the trial court erred in sentencing Defendant on Counts I and II, Defendant's argument that the State's evidence showed that he had previously pleaded guilty to first-degree child molestation when it was classified as a C felony does not aid him as to Counts III and V. As the State points out, the critical question is not whether Defendant's acts met Missouri's definition of the class B felony offense of child molestation in the first degree when he committed them in 1997, but whether the conduct constituted Missouri's definition of the offense when the crimes charged in the present case were alleged to have been committed. *See State v. Heckenlively*, 83 S.W.3d 560, 568 (Mo. App. W.D.2002) (concluding, for purposes of finding persistent sexual offender status, that the defendant's conduct in California in 1980's met Missouri's definition of first degree statutory sodomy in 1996 and 1997 when the crimes charged in the case were alleged to have been committed).

Section 558.018.5(3) provides that a predatory sexual offender is a person who has "committed an act or acts against more than one victim which would constitute any offense or offenses listed in subsection 4 of this section[.]" One of the offenses listed in Subsection 4 of Section 558.018 is the class B felony offense of child molestation in the first degree.

Section 566.067.1 RSMo 2000 provides that a person commits the crime of child molestation in the first degree if he subjects another person who is less than fourteen years of age to sexual contact. Section 566.067.2 classifies this offense as a class B felony unless enumerated aggravating circumstances exist, which would warrant a class A felony designation. Prior to

its amendment in 2000, however, Section 566.067.1 RSMo 1994, provided that child molestation in the first degree was a class C felony absent a previous conviction under Chapter 566 or the existence of certain enumerated aggravating factors. Child molestation in the first degree would be a class B felony if the person had a previous conviction under Chapter 566 or aggravating factors were present. Section 566.067.1 RSMo 1994.

Exhibit OTH 1 showed that on December 4, 1998, Defendant was sentenced, after pleading guilty to two counts of child molestation in the first degree for acts involving two minors less than twelve years of age. Thus, when Defendant was sentenced on December 10, 2004, State's Exhibit OTH 1 contained sufficient evidence to support the trial court's determination that Defendant was a predatory sexual offender under Section 558.018.5(3) for conduct that occurred after the 2000 amendment of Section 566.067.

Defendant was convicted on Count I for acts charged to have occurred between January 1, 1995, and December 5, 1995, and on Count II for acts charged to have occurred between December 6, 1995, and December 5, 1996. The conduct charged in both of these counts occurred before Section 566.067 was amended; therefore, the acts did not constitute the class B felony offense of child molestation in the first degree for purposes of determining predatory sexual offender status when the acts were committed. Section 558.018.5(3); 566.067 RSMo 1994.

As to Count III, Defendant was convicted for statutory rape in the first degree for acts charged to have occurred between December 6, 2000, and December 5, 2002. The acts charged in Count III occurred after Section 566.067 was amended; thus, Defendant had committed acts against more than one victim which would consti-

tute the class B felony offense of child molestation in the first degree at the time the acts charged in Count III were committed. Accordingly, the trial court properly sentenced Defendant as a predatory sexual offender under Section 558.018.5(3) on Count III.

In his reply brief, Defendant raises the argument that he was improperly sentenced on Count V, statutory rape in the first degree, because the conduct underlying that count was alleged to have occurred between January 1, 2000, and December 5, 2002. Defendant urges us to remand on this count also and to require the State to prove the conduct occurred after the law changed in 2000. Viewing the charged dates, there appears to be an approximately eight-month window of time prior to the effective date of the amendment during which Defendant could have committed some, none, or all of the acts alleged in Count V. However, the evidence at trial established that Defendant committed none of the acts charged during the time period of January 1998 and May 2001. The victim (Victim) testified that Defendant had sex with her during spring break in her grandmother's house on Russell Street in St. Louis and that the last sexual act he committed with her happened when she was in seventh grade. Victim was in the seventh grade during the 2002–2003 school year and was between twelve and thirteen years of age during that time. During trial, a detective (Detective) testified that, during the course of her investigation of the charged sex crimes, she interviewed Victim, who stated that when she was twelve, Defendant had sex with her three times in her grandmother's basement on Russell Street. Detective further testified that she determined Defendant was not within the St. Louis area during that time frame. Given this evidence, it is clear the State established that the con-

duct charged in Count V occurred after the 2000 amendment; thus, there is no need to remand on this count as urged by Defendant. *See State v. Jackson,* 896 S.W.2d 77, 83–84 (Mo.App. W.D.1995) (testimony concerning various locations where acts occurred was significant for purposes of identifying and distinguishing between numerous incidents of sodomy; where one-year window of time prior to effective date of statute amendment existed during which defendant could have committed some, none, or all of alleged acts, it was incumbent upon state to establish offenses alleged were committed after effective date).

■ The sufficiency of a sentence may be reviewed on appeal. *State v. Chavez,* 735 S.W.2d 127, 132 (Mo.App. W.D.1987). Our review of the record indicates that the trial court's sentences concerning Defendant's convictions on Counts I and II do not comply with the mandatory statutory terms. Thus, we remand the case to the trial court with instructions to sentence Defendant on these counts in accordance with the statutory provisions.

In his second point on appeal, Defendant claims the trial court abused its discretion and plainly erred in sentencing Defendant as a predatory sexual offender on Counts I and II. Defendant further argues that the trial court's actions violated his Constitutional right to be free from *ex post facto* laws in that certain provisions of the predatory sexual offender law, Section 558.018.4–8, are retrospective as applied to Counts I and II because the law became effective after the dates of the charged offenses. Defendant contends this application disadvantaged him by exposing him to a mandatory minimum life sentence and restrictions on parole eligibility. Our disposition of Defendant's first point renders this claim moot.

*Conclusion*

The sentences as to Counts I and II are set aside and the cause remanded for re-sentencing only on those counts in accordance with this opinion. In all other respects, the judgment is affirmed.