**Joseph JACKSON, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**No. ED 87358.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 7, 2006.

S. Kristina Starke, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Robert J. Bartholomew, Assistant Attorneys General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Movant, Joseph Jackson, appeals from the judgment denying on the merits his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We affirm.

A jury found movant guilty of murder in the first degree, in violation of Section 565.020 RSMo (2000), robbery in the first degree, in violation of Section 569.020 RSMo (2000), and two counts of armed criminal action, in violation of Section 571.015 RSMo (2000), all of which arose from the murder of Calvin Vinson and the theft of his automobile. The trial court sentenced movant to a term of life imprisonment without the possibility of probation or parole on the first degree murder count and life imprisonment on each of the remaining counts, to be served concurrently.

We affirmed movant's conviction and sentence on direct appeal. *State v. Jackson,* 156 S.W.3d 438 (Mo.App.2005).

Thereafter, movant filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 29.15. Appointed counsel filed an amended Rule 29.15 motion based on allegations of ineffective assistance of trial counsel and requested an evidentiary hearing. The motion court denied the motion after an evidentiary hearing.

On appeal, movant contends that the motion court clearly erred in denying his motion because trial counsel was ineffective for 1) failing to request a jury instruction on the robbery charge for the lesser included offense of stealing a motor vehicle; 2) advising movant to waive his right to testify when he claimed self-defense; 3) failing to object to repetitive testimony about crime scene photographs; and 4) failing to object to the prosecutor's remarks in closing argument.

Our review of the motion court's action on a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Barnett v. State,* 103 S.W.3d 765, 768 (Mo. banc), *cert. denied,* 540 U.S. 862, 124 S.Ct. 172, 157 L.Ed.2d 114 (2003). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied,* 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

To prevail on a motion alleging ineffective assistance of counsel, a movant must show that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that the movant was thereby prejudiced. *Strickland v. Wash-*

*ington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To establish prejudice, a movant must show that "but for counsel's poor performance there is a reasonable probability that the outcome of the court proceeding would have been different." *Barnett,* 103 S.W.3d at 768–69. We presume that counsel acted professionally in making decisions and that any challenged action was part of counsel's reasonable trial strategy. *Id.* at 769. A movant must prove his or her claim for relief by a preponderance of the evidence. Rule 29.15(i).

### 1. *Failure to Request Lesser Included Offense Instruction*

■ For his first point, movant contends that the motion court clearly erred in denying his claim of ineffective assistance of trial counsel based on counsel's failure to request a jury instruction on the lesser included offense of stealing a motor vehicle on movant's first degree robbery charge. Movant argues that there was a basis for acquitting him of the greater offense of robbery in the first degree and convicting him of the lesser offense, and that he was therefore prejudiced by counsel's failure to request an instruction on the lesser offense.

■ To establish a claim of ineffective assistance of counsel for failure to request a lesser included offense instruction, a movant must show that the evidence would have required submission of a lesser included offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that the movant was thereby prejudiced. *See Vogel v. State,* 31 S.W.3d 130, 141–45 (Mo.App.2000). An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel. *State v. Shurn,* 866 S.W.2d 447, 469 (Mo. banc 1993), *cert.*

*denied,* 513 U.S. 837, 115 S.Ct. 118, 130 L.Ed.2d 64 (1994); *Love v. State,* 670 S.W.2d 499, 502 (Mo. banc 1984); *State v. Butler,* 904 S.W.2d 68, 73 (Mo.App.1995). The test is "whether a reasonably competent attorney would have performed differently under similar circumstances." *Love,* 670 S.W.2d at 502.

At the jury instruction conference in the underlying trial, counsel stated that she was not requesting a jury instruction on the lesser included offense of stealing a motor vehicle and that this was a tactical decision on her part. The jury was then instructed on first degree murder, second degree murder, felony murder based on first degree robbery, voluntary manslaughter, involuntary manslaughter, and robbery in the first degree, as well as armed criminal action. In addition, self-defense was submitted to the jury.

At the evidentiary hearing on the 29.15 motion, trial counsel testified that she and movant had discussed whether to request a jury instruction on the lesser included offense, and that she told movant of her concern that the instruction would allow the jury to convict movant of second degree murder and would essentially negate movant's self-defense argument. For these reasons, counsel and movant determined that it would not be in movant's best interest to offer that instruction. Counsel explained that she felt fairly certain that movant would not be acquitted of the lesser charge because he was arrested in the victim's automobile and there was no evidence that he had permission from the deceased victim to possess the automobile. She added that if movant had been found guilty of stealing a motor vehicle, he "most definitely" would have been convicted of second degree murder under the felony murder rule. She felt movant had a stronger chance of acquittal on first degree robbery.

The motion court found that counsel's decision not to request the lesser included instruction constituted reasonable trial strategy.

For the purposes of this opinion, we assume without deciding that the evidence supported a lesser included offense instruction for stealing a motor vehicle. However, we conclude that the trial court's judgment is not clearly erroneous because movant failed to overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy.

■ An instruction on the lesser included offense would have been inimical to trial counsel's strategy to have movant found not guilty of first degree robbery and first and second degree murder and guilty only of voluntary or involuntary manslaughter. If the jury had had the lesser included offense instruction before it, it could have convicted movant of stealing and felony murder based on the stealing. Without the lesser included offense instruction, the jury did not have this option. "[M]ovant's counsel cannot be convicted of being ineffective for seeking to employ the best defense for [her] client by not offering the jury a middle ground for conviction." *Love*, 670 S.W.2d at 502. In this case, the lesser included offense instruction would have offered the jury a middle ground.

The motion court did not clearly err in finding that counsel's decision not to request the lesser included offense instruction was based on reasonable trial strategy. Point one is denied.

2. *Advice Not to Testify*

For his second point, movant contends that he received ineffective assistance of counsel because trial counsel advised him not to testify although movant claimed self-defense. He contends that he was prejudiced because the jury did not hear his testimony.

■ Although the decision to testify solely rests with the defendant, a defendant is entitled to receive reasonably competent advice. *Rousan v. State*, 48 S.W.3d 576, 585 (Mo. banc 2001). Counsel's advice not to testify is not deemed ineffective assistance of counsel if it might be considered sound trial strategy. *Id.*

After the state rested in the underlying trial, the jury was excused, and counsel announced that the defense would not present evidence. The trial court then advised movant of his privilege against self-incrimination and the consequences of a decision to testify, and questioned him about his decision. Movant responded that he had discussed this issue with his attorney and that he had freely and voluntarily decided not to testify on his own behalf. Movant agreed that no one had forced him not to testify and that he had received enough time to discuss his decision with his counsel. Based on movant's responses, the trial court accepted movant's decision not to testify on his own behalf.

In his amended motion, movant alleged that he told counsel he wanted to testify, but counsel told him he should not testify because he would be a bad witness and the prosecutor "would show him no mercy." He alleged that the jury would have found his claim of self-defense more credible if it had heard his testimony, and it would have acquitted him.

At the evidentiary hearing, movant's trial counsel testified that she presented movant's self-defense theory through his statements to police. She explained that movant would not be able to testify effectively because he had made conflicting statements and "was unable to maintain a single version of events." Counsel further testified that she had caught movant in a

"series of lies," even in brief, casual conversation. Counsel specified that she advised movant not to testify because it would not be in his best interest.

The motion court found that movant's claim was refuted by the record because movant had testified at trial that his decision was voluntary after discussing it with counsel and was not forced. It found movant's trial testimony on this issue credible and his motion hearing testimony to the contrary incredible.

We defer to the motion court's superior ability to judge the credibility of witnesses. *State v. Simmons,* 955 S.W.2d 752, 773 (Mo. banc 1997). The motion court was free to believe counsel's testimony and movant's trial testimony and disbelieve movant's motion hearing testimony on this issue. *Rousan,* 48 S.W.3d at 585. Further, there was no reasonable possibility that movant would have been acquitted if he had testified, since he would have been subject to impeachment as a result of his conflicting statements. *See id.* at 586–87.

The motion court did not clearly err in determining that movant, on the advice of counsel, voluntarily decided not to testify. Point two is denied.

## 3. Failure to Object to Repetitive Testimony and Display of Crime Scene Photographs

For his third point, movant contends that he received ineffective assistance of counsel because trial counsel failed to object to repetitive testimony about crime scene photographs, including photographs of the victim, admitted during trial. He claims that a reasonably competent attorney would have objected to the repetitive testimony and repetitive display of the photographs. Movant contends that had counsel objected, he would have been acquitted.

The state offered a number of photographs of the victim and crime scene into evidence. The photographs depicted the victim's body, covered in blood and fecal matter. The photographs showed where the victim was found and that the victim had been shot in the back of the head. Trial counsel did not by objection seek to limit the number of times witnesses testified to the photographs or the number of times the photographs were shown to the jury.

In his amended motion, movant alleged that "trial counsel was ineffective for failing to object to repetitive testimony regarding photographs of the crime scene, including photos of the victim, who was partially disrobed and covered in blood and fecal matter." Movant alleged that counsel would testify that she failed to object out of inadvertence, ignorance or neglect, and not as a matter of trial strategy. Movant concluded that, had trial counsel objected, "there is a reasonable probability that the court would have limited the cumulative testimony and presentation of the photographs of the victim" and that the outcome of the trial would have been different.

At the hearing, movant described the photographs and testified that they were shown to the jury numerous times. He testified that he was not aware of any defense strategy regarding photographs, and concluded that they influenced the jury's verdict. Movant called trial counsel as a witness and asked her whether she objected to the admission of the photographs and whether they had been shown to the jury more than once, but did not ask her why she had not objected to either the cumulative presentation of the photographs or repetitive testimony about them.

The motion court found that the photographs would have been admitted even if trial counsel had objected to them. The

motion court did not make a finding on the issue of the failure to object to the repetitive testimony and display of the photographs. However, as explained below, it was not required to do so.

 To establish a claim of ineffective assistance of counsel for failure to object, a movant must show 1) that the objection would have been meritorious and 2) that the failure to object substantially deprived the movant of his right to a fair trial. *Dodds v. State*, 60 S.W.3d 1, 5 (Mo.App. 2001). Counsel is not ineffective for failing to make non-meritorious objections. *Storey v. State*, 175 S.W.3d 116, 132 (Mo. banc 2005).

 This claim is not about whether counsel should have objected to the admissibility of the photographs,[1] but whether counsel should have objected to repetitive testimony about them or their repetitive display to the jury. The relevant inquiry is when did the repetitive display of the properly admitted photographs or repetitive testimony about them become so prejudicial or inflammatory as to outweigh their probative value. *State v. Weatherspoon*, 728 S.W.2d 267, 273–74 (Mo.App. 1987). It is within the trial court's discretion to determine when cumulative evidence should stop. *State v. Tompkins*, 277 S.W.2d 587, 591 (Mo.1955); *State v. Johnson*, 539 S.W.2d 493, 518 (Mo.App.1976). Movant did not identify, in his motion or at the hearing, at what point the repeated display of photographs and repeated testimony about the photographs during trial became so prejudicial that counsel should have made an objection, which would have been sustained. Movant did not identify, either in his motion or at the hearing, at what point during the trial counsel should have made an objection, which would have

been sustained, to the repetition of evidence on the grounds that the repeated display of the photographs and repeated testimony about the photographs had become so prejudicial that their probative value was outweighed. As a result, there was no evidence that would support a claim that a meritorious objection could have been made.

 Further, although movant alleged in his motion that trial counsel would testify that she failed to object out of inadvertence or neglect, he did not question trial counsel about this at the hearing. He offered no evidence to overcome the presumption that counsel's failure to object was sound trial strategy. Seasoned trial counsel often decline to object for strategic purposes. *Barnett*, 103 S.W.3d at 772. They fear that frequent objections irritate the jury and highlight the evidence complained of, resulting in more harm than good. *Id.* Without evidence of the reasons for trial counsel's failure to object, a movant does not overcome the presumption that the failure to object was a strategic choice made by competent counsel. *See State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996).

 By not introducing evidence on when a meritorious objection should have been made or evidence that counsel's lack of action was not strategic, movant failed to meet his burden and deprived the motion court of an opportunity to make a factual finding on his allegations. *State v. Silvey*, 894 S.W.2d 662, 671 (Mo. banc 1995). The absence of this evidence constitutes abandonment of this claim. *State v. Brooks*, 916 S.W.2d 454, 456 (Mo.App. 1996). Point three is denied.

---

1. It has long been held that photographs of the body of a murder victim are not rendered inadmissible because they are inflammatory and gruesome. *State v. Rousan*, 961 S.W.2d 831, 844–45 (Mo. banc 1998); *State v. Thresher*, 350 S.W.2d 1, 7 (Mo.1961).

## 4. *Failure to Object During Closing Argument*

For his fourth point, movant contends that the trial court clearly erred when it denied his claim of ineffective assistance of counsel based on counsel's failure to object to the prosecutor's characterization of movant as a "monster" and a "predator" in closing argument. Neither claim has merit.

### a. *"Monster"*

In his amended motion, movant alleged that trial counsel was ineffective when he failed to object to the state's characterization of movant as a "monster." The prosecutor used the word "monster" in the following context in closing argument:

> Let's get something straight right off the bat, why I'm here. Calvin Vinson is the victim in this case. He's not a *monster*. He's not the defendant. The killer is Joe Jackson.

(emphasis added). This argument responded to movant's claim, in his statements to police officers, that the victim was a sexual aggressor who invited movant to his apartment where he forcibly attempted to sodomize movant.

At the hearing, trial counsel testified that the prosecutor was referring to the victim when he used the word "monster." The motion court found that the allegation that the prosecution referred to movant as a "monster" was refuted by the transcript. We agree. In the context of both the argument and the trial, the word "monster" referred to the victim, and not to movant.

### b. *"Predator"*

The state called movant a "predator" in the following context in closing argument:

> Calvin was looking forward to some relationships with people, men and women. Nice guy. Had a party that night. Friends were over. He was looking for something in his life....
>
> And what did that get him? He ran into a *predator*. That's what happened in this case. A person that sees people to take advantage of. And he took—Joe Jackson took advantage of Calvin.

(emphasis added).

In his amended motion, movant alleged that the prosecutor referred to movant as a "predator," which characterization was not based upon the evidence and was outrageous and inflammatory. Movant alleged that because of counsel's failure to object, the jury was not advised to disregard the remarks and could have believed that trial counsel agreed with the comments. He concluded that, had the objection been sustained, there was a reasonable probability that he would have been acquitted of all counts.

At the hearing, movant testified that trial counsel did not object and did not discuss any strategy with him about objections to closing argument. Trial counsel testified that under the state's theory of the evidence, movant sought out a relationship with the victim in order to shoot the victim and take his property, and the state could reasonably construe those acts to be committed by a "predator." However, counsel pointed out that her position at trial was that movant acted in self-defense, which would not be the act of a predator. Movant did not ask trial counsel why she did not object to this characterization.

The motion court found that the prosecution's comment was a reasonable inference based on the evidence that movant was dropped off at the victim's house so movant could rob the victim, that movant waited until the victim turned his back before shooting him in the back of the head, and that movant then stole the victim's automobile. The court concluded that counsel's decision not to object to the

prosecutor's statement did not deprive movant of a fair trial and was reasonable trial strategy.

The failure to object during closing argument only results in ineffective assistance of counsel if it prejudices the accused and deprives him of a fair trial. *Warren v. State*, 2 S.W.3d 128, 131 (Mo. App.1999). The state may characterize the defendant or his conduct when the evidence supports the characterization. *State v. Simmons*, 944 S.W.2d 165, 182 (Mo. banc 1997). A reasonable person could find that movant's acceptance of the victim's invitation to visit the victim's condo in order to gain entry to the condo to kill the victim and steal his automobile were the acts of a predatory person. Any objection would have been without merit, and failure to object was not ineffective assistance. *Tokar*, 918 S.W.2d at 769.

Further, movant did not overcome the presumption that counsel's failure to object constituted reasonable trial strategy. He did not question counsel about her reasons for not objecting. Moreover, counsel's strategy was apparent. In her testimony, counsel agreed that a person who committed the acts charged could be characterized as a predator, but emphasized that her position at trial was that movant did not do the acts. An objection to the argument would only have served to highlight the characterization and would have diverted the jury's attention away from counsel's claim that movant did not do the acts charged and exposed them instead to a dispute over whether a person who did the acts could be characterized as a "predator."

The motion court did not clearly err in finding the comment to be a reasonable inference based on the evidence and that counsel's decision not to object to the comment was reasonable trial strategy that did not deprive movant of a fair trial. Point four is denied.

*Conclusion*

The motion court did not clearly err in denying movant's 29.15 motion. The judgment of the motion court is affirmed.

ROY L. RICHTER, P.J., and SHERRI B. SULLIVAN, J., concur.