**Derrick ROPER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 28172.

Missouri Court of Appeals, Southern District, Division One.

Sept. 21, 2007.

S. Kristina Starke, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James Wilson Corman, Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

We affirm the denial of post-conviction relief after a murder conviction.

## Facts and Proceedings

We need only summarize the underlying crime and direct the reader elsewhere [1] for the sordid details. Patrice Siebert lived in a trailer with her sons and the victim, Donald Rector, a mentally-ill teenager. Patrice's handicapped son, Jonathan, died in his sleep under circumstances indicating parental neglect. Patrice, her son Darian, and Appellant ("Movant") conspired to burn the trailer to incinerate Jonathan's malnourished and bedsore-ridden body. Movant also wanted the victim in the burning trailer, as it would be suspicious for Jonathan's body to be found alone.

Movant and Darian bought and hid a can of gasoline until the victim, under the influence of Prozac, was dozing in the trailer. Movant retrieved the gas and splashed it around the trailer. Movant then began beating the victim, who convulsed on the floor in an apparent seizure. Movant and Darian fled as the gasoline ignited, leaving the victim behind to die in the burning trailer.

A jury convicted Movant of first-degree murder, but spared him the death penalty. After affirmance on direct appeal, Movant sought Rule 29.15 [2] relief. He claimed trial counsel should not have introduced parts of Darian's recorded testimony, since the State introduced the remainder, which included evidence unfavorable to Movant. The motion court held an evidentiary hearing, with Movant and his trial attorneys testifying by deposition, and concluded that trial counsel's decision was reasonable trial strategy:

4. Green and Kessler both testified in their depositions that the decision to introduce the testimony of co-defendant was part of their trial strategy. Green testified that it was part of the trial strategy to put Darian Seibert on the stand or to get Seibert's prior testimony in front of the jury in order to show that Movant did not deliberately kill Donald Rector. Green also testified that part of the defense strategy was to try to make Darian Seibert more culpable than Movant. Kessler testified that after discussing with Green the decision to have Darian Seibert testify, he decided in his professional judgment that the positives of calling Seibert outweighed the negatives. Kessler explained that informing the jury of a co-defendant who did not receive the death penalty allowed for a proportionality argument during the penalty phase of the trial. Kessler fur-

1. *Missouri v. Seibert,* 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), *aff'g State v. Seibert,* 93 S.W.3d 700 (Mo. banc 2002); *Seibert v. State,* 184 S.W.3d 624 (Mo.App.2006); *State v. Seibert,* 103 S.W.3d 295 (Mo.App. 2003).

2. Rule references are to Missouri Rules of Court (2007).

ther testified that introducing Seibert's testimony strengthened the defense theory that Movant did not deserve the death penalty. This Court finds the testimony of Green and Kessler to be credible and finds that Movant has failed to demonstrate how their trial strategy was unreasonable. This Court denies Movant's claim of ineffective assistance of counsel.

(Citations to record omitted.)

## Standard of Review

■ Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). This standard is satisfied only if, from reviewing the entire record, we are definitely and firmly impressed that a mistake was made. *Barnes v. State*, 160 S.W.3d 837, 838 (Mo.App.2005); *West v. State*, 159 S.W.3d 847, 849 (Mo.App.2005).

■ Counsel is not ineffective for pursuing reasonable trial strategy. *State v. Ferguson*, 20 S.W.3d 485, 508 (Mo. banc 2000), *citing State v. Harris*, 870 S.W.2d 798, 816 (Mo. banc 1994). Counsel has wide latitude in conducting a defense and may use his best judgment in matters of trial strategy. *State v. Neal*, 849 S.W.2d 250, 258 (Mo.App.1993). Courts will not condemn reasonable use of discretion in such matters. *State v. Hamilton*, 892 S.W.2d 774, 784 (Mo.App.1995). This is because " 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.' " *Harris*, 870 S.W.2d at 816–17, *quoting Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## Analysis

■ Given the State's strong case and the likelihood of conviction, one of trial counsel's strategies was to make Darian Seibert look more culpable than Movant. This would set up a proportionality argument in the penalty stage, since the State had given Darian a deal to avoid the death penalty. To this end, as the motion court noted, trial counsel acted strategically and exercised professional judgment in offering Darian's testimony, believing the advantages outweighed the risks thereof:

Q. —testimony. And you decided that in your professional judgment that the positive outweighed the negative in calling him?

A. Yes. Because he [Darian] was working out a deal not to get the death penalty. So, if you have a co-defendant in front of a jury who doesn't get the death penalty, then you certainly have a proportionality argument in the second stage. You say there's a guy who had the motive to do it to cover for his mom for the death of his brother, and, you know, he's made a deal with Mr. Ahsens.

My—I think part of our intention was to make Mr. Ahsens look like a jerk for—not to say he is personally, although he can be—but that, you know, he's not seeking death against the worst of the two. So, it's not fair to give someone death who's not as involved and didn't really even have the motive in the first place. So, I don't think there was any way to avoid calling Darrien (sic) Seibert in terms of preserving proportionality argument in the second stage.

Q. Okay. And obviously, as you stated, after he became unavailable, even by reading the portion, the State would bring in the rest of the transcript?

A. Yes.

Movant does not deny that counsel's decision was strategic, but claims it "was objectively unreasonable" and "reflected poor judgment." The trial court concluded otherwise, and in so doing did not clearly err. Movant was represented by seasoned capital litigators, with combined trial experience exceeding 40 years and 100 murder

jury trials. The record shows their trial strategy and hope, as much as anything, was to save Movant from execution for an abhorrent crime in the face of overwhelming evidence, and that they succeeded in doing so:

I mean, clearly the guy was burned up in the trailer, you know. I mean, it's not like [Movant] had a good alibi. He had gas on him. He—he was outside the trailer when the—the fire · marshals came.

He was someone who was seen on the road with the gas cans. He was placed at the gas station with the gas cans. I mean, it was going to be hard to say it wasn't him. So, the only thing you can do is try to say it wasn't him as bad as the other guy [Darian]. . . .

The record amply supports the motion court's findings and conclusions. They are not clearly erroneous. We are not definitely and firmly persuaded that a mistake was made. We affirm the judgment. Rule 29.15(k).

PARRISH, P.J., and BATES, J., concur.