**Willie HURST, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 92577.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 2010.

Maleaner Harvey, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, John W. Grantham, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Willie Hurst (Movant) appeals from the motion court's denial of his Rule 29.15 amended motion for post-conviction relief after an evidentiary hearing. Finding no clear error in the motion court's ruling, we affirm.

### Background

On September 15, 2004, a jury convicted Movant of three counts of first degree statutory rape, in violation of Section 566.032, RSMo 2000 [1], one count of first degree statutory sodomy, in violation of Section 566.062, and one count of second degree attempted statutory rape, in violation of Section 564.011. These charges stemmed from a series of events over several years, ranging from 1995 through 2002, where Movant allegedly had sexual intercourse with a young female while she was at her grandmother's house where Movant was visiting.

Movant was sentenced on December 10, 2004, as a prior and persistent offender, and a predatory sexual offender. Movant

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

was sentenced to seven years imprisonment for the attempted statutory rape charge to run concurrent to sentences of life imprisonment for each of the remaining charges, with minimum parole eligibility set at 25 years for the life imprisonment sentences. At his sentencing hearing, Movant testified that he had no complaints about his trial counsel's representation, and the court found there was no probable cause of ineffective assistance of counsel.

Movant appealed his convictions to this Court. On July 11, 2006, this Court issued an opinion in *State v. Hurst*, 195 S.W.3d 537 (Mo.App. E.D.2006), setting aside and remanding the case for resentencing on two of the statutory rape convictions. On remand, the trial court resentenced Movant to concurrent life sentences on those counts but without the minimum parole eligibility set at 25 years. This Court thereafter affirmed Movant's conviction, and the mandate was issued on August 2, 2006.

On October 13, 2006, Movant filed a pro se Rule 29.15 Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Post-conviction counsel was appointed and, on June 25, 2007, filed an amended motion for post-conviction relief requesting an evidentiary hearing. In his amended motion, Movant alleged two claims of ineffective assistance of his trial counsel (Trial Counsel). First, Movant alleged his trial counsel was ineffective because Trial Counsel failed to interview, properly investigate, and subpoena material witnesses, Maurice Baylark (Baylark) and Carlos Baylark, whose testimony was necessary to provide Movant with a viable defense. Movant alleged these witnesses would have testified that during the times the victim was allegedly raped, sodomized, and almost raped, Movant was with one of the witnesses and was not alone with the victim at her grandmother's home. Second, Movant

claimed his trial counsel was ineffective because Trial Counsel failed to inform Movant that it was Movant's ultimate decision whether to take the witness stand in his own defense. Movant alleged he wanted to testify but Trial Counsel unilaterally made the decision not to call Movant as a witness to testify in his own defense.

An evidentiary hearing was granted and held on May 1, 2008. At the evidentiary hearing, Movant testified on his own behalf and also presented evidence from Trial Counsel and Baylark. Movant testified that he wished to testify on his own behalf at his trial and that he wanted to testify to his innocence, but that Trial Counsel informed him that he would not be testifying due to his prior convictions. Movant claimed that his trial counsel never told him that it was Movant's ultimate decision whether to testify. Movant also testified that he told Trial Counsel about the witnesses he wanted Trial Counsel to investigate and interview. Movant claimed that the witnesses were available and were willing to testify that Movant was with them during the entire time he was visiting the victim's grandmother's home where the alleged crimes took place

Movant's trial counsel also testified at the evidentiary hearing. Trial Counsel testified that he advised Movant not to testify in his own defense at trial because Movant had prior sex offense convictions, but that he also told Movant it was ultimately Movant's decision whether to take the stand in his own defense. Movant's trial counsel testified that Movant never indicated he wished to testify at trial and, in fact, Trial Counsel had in his notes on two separate occasions that Movant did not want to testify. Trial Counsel also testified regarding the witnesses Movant suggested, and stated that he was able to talk to Maurice Baylark, but was never able to locate Carlos Baylark. Trial Coun-

sel explained that he spoke with Baylark and endorsed him as a witness for trial. Although Baylark did show up for the trial, Trial Counsel testified that he chose not to call Baylark as a witness because Baylark would only testify that there were a lot of people around at the victim's grandmother's home, which was evidence already introduced at trial on cross-examination and thus would be cumulative evidence to what was already presented. Trial Counsel testified that the decision not to call Baylark was part of his trial strategy.

In addition to Movant's own testimony and Trial Counsel's testimony, Baylark also testified at the evidentiary hearing. Baylark testified that he was with Movant at all times while Movant was at the victim's grandmother's (who is also Baylark's grandmother) house. Baylark specifically testified that "every time since [he has] known [Movant] since 1995, that [Movant has] been in [his] presence, [Movant] has physically been in [his] eyesight."

The motion court issued its Final Judgment and Order denying Movant's amended motion for post-conviction relief on December 31, 2008. With regard to Movant's claim of ineffective assistance of counsel regarding the failure to call Baylark as a witness, the motion court found:

> The court finds Mr. Baylark's testimony to be wholly incredible. Furthermore, [Trial Counsel] had talked to Maurice Baylark prior to trial. In view of this court's opinion as to Mr. Baylark's lack of credibility, the court will not second-guess [Trial Counsel's] failure to call Baylark as an alibi witness. Baylark's incredibility would have not helped [Movant] at all. To the contrary, it could have hurt his case to call [Baylark]. The decision not to call a witness

is a matter of trial strategy that is virtually unchallengeable.

Regarding Movant's claim that his trial counsel was ineffective for failing to make certain Movant completely understood his right to testify at his trial, the motion court found that:

> [Trial Counsel], however, testified that due to [Movant's] prior felony convictions for child molestation in the first degree, he advised [Movant] not to testify and explained to him the consequences of testifying with prior convictions on his record. [Trial Counsel] testified that [Movant] was given the option to decide and that ultimately [Movant] made the decision not to testify. The court credits [Trial Counsel's] testimony and finds that [Movant] was given the option to testify and was so advised of his right to do so, but that [Movant] declined to testify of his own free will, after having been advised of his right to testify, should he desire.

Movant filed a Notice of Appeal on February 6, 2009. This appeal follows.

### Points on Appeal

Movant presents two points on appeal. In both points, Movant alleges the motion court erred when it denied his amended motion for post-conviction relief after an evidentiary hearing because Movant proved by a preponderance of the evidence that he was denied effective assistance of counsel.

In his first point, Movant alleges his trial counsel was ineffective for failing to call material witness Maurice Baylark whose testimony Movant alleges was necessary to provide him a viable defense.[2]

2. On appeal, Movant only alleges Trial Counsel failed to call Maurice Baylark as a witness, as he admits in his brief that he was unsuccessful in presenting evidence to prove his claim regarding Carlos Baylark.

In his second point, Movant asserts Trial Counsel was ineffective for failing to inform Movant that it was Movant's ultimate decision whether to take the witness stand in his own defense at trial. Movant alleges he wished to testify at his trial but Trial Counsel made the decision not to call him as a witness, thereby violating Movant's fundamental right to testify at trial.

### Standard of Review

We review the denial of a Rule 29.15 motion for post-conviction relief only to determine if the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 29.15(k); *Anderson v. State*, 196 S.W.3d 28, 32 (Mo. banc 2006). A motion court's findings and conclusions are deemed "clearly erroneous" only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). This court "presume[s] that the motion court's findings and conclusions are correct." *Johnson v. State*, 172 S.W.3d 831, 834 (Mo.App. S.D.2005).

### Discussion

In both of his points, Movant asserts the motion court clearly erred when it denied his amended motion for post-conviction relief because Movant proved by a preponderance of the evidence that he was denied effective assistance of counsel.

For relief based on claims of ineffective assistance of counsel, Movant must show by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him. *Anderson*, 196 S.W.3d at 33, *citing Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Movant must satisfy both the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. *Workes v. State*, 751 S.W.2d 414, 415 (Mo. App. E.D.1988).

In examining the first prong of the *Strickland* test, "[i]t is presumed that counsel's conduct was reasonable and effective." *Anderson*, 196 S.W.3d at 33. Movant must overcome a strong presumption that his trial counsel provided competent representation by demonstrating that Trial Counsel's representation "fell below an objective standard of reasonableness." *Id.* "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Id.*; *see also Roper v. State*, 233 S.W.3d 744, 746 (Mo.App. S.D.2007) ("Counsel is not ineffective for pursuing reasonable trial strategy.").

To satisfy the second prong of the *Strickland* test and prove prejudice, Movant must demonstrate that there is a reasonable probability that, but for Trial Counsel's errors, the result of the proceeding would have been different. *Anderson*, 196 S.W.3d at 33. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

### Point I—Failure to Call Baylark as a Witness

Movant alleges in his first point that his trial counsel was ineffective for failing to interview, properly investigate, and subpoena material witness Maurice Baylark. Movant asserts Baylark's testimony was necessary to provide him with a viable defense because Baylark would have testified that Movant was with Baylark during the times Victim was allegedly raped, sodomized, and nearly raped. Movant claims that had Trial Counsel called Baylark as a witness, there is a reasonable

probability that the outcome of his trial would have been different. We disagree.

■■■ To establish ineffective assistance of counsel based on failure to call a witness, Movant must demonstrate: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness' testimony would have produced a viable defense. *Williams v. State*, 168 S.W.3d 433, 441 (Mo. banc 2005). Trial counsel's decision not to call a witness is "presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Id.*

Movant alleges in his amended motion for post-conviction relief that Baylark would have testified that "during the times when [Victim] was allegedly raped, sodomized, and almost raped, [Movant] was with, at all times, either Maurice Baylark or Carlos Baylark at [Victim's grandmother's] residences and was not left alone with [Victim] so he could not have committed the crimes of statutory rape and sodomy and attempted rape as alleged by the State." Movant asserts this testimony would have provided him with a viable defense at trial. In response to Movant's allegation that his trial counsel was ineffective for failing to call Baylark as a witness, the motion court held that:

> Baylark testified that he was with [Movant] at those time the alleged crimes were committed and that he and [Movant] never went into the house where the crimes took place, but rather remained outside. The court finds Mr. Baylark's testimony to be wholly incredible. Furthermore, [Trial Counsel], [Movant's] counsel had talked to [Baylark] prior to trial. In view of this court's opinion as to Mr. Baylark's lack of credibility, the court will not second-

guess [trial counsel's] failure to call Baylark as an alibi witness. Baylark's incredibility would not have helped [Movant] at all. To the contrary, it could have hurt his case to call Baylark. The decision to call a witness is a matter of trial strategy that is virtually unchallengeable. (citations omitted)

■■■ We agree with the motion court and do not find that the motion court clearly erred on this issue. At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant. *Clay v. State*, 297 S.W.3d 122, 124 (Mo.App. S.D. 2009). "We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility." *Id.* The motion court here clearly found the testimony of Baylark to be less than credible and found that, far from helping Movant's case, Baylark's testimony could have instead harmed Movant's case at trial. Movant does not provide any reason why this Court should disregard the deference given to the motion court's findings on credibility. In light of the motion court's credibility findings, we similarly do not find Movant has shown that calling Baylark as a witness would have provided Movant with a viable defense in his case. Not only was much of Baylark's testimony merely cumulative to that already presented through the victim on cross-examination, but given Baylark's lack of credibility, his testimony would not have assisted Movant in providing Movant a viable defense.

■■■ Furthermore, Movant has failed to overcome the "trial strategy" burden. It is well settled under Missouri law that there is a strong presumption that trial counsel was effective. To prove ineffective assistance of counsel, Movant must clearly establish that the decision to forego calling

a witness was not trial strategy. *Williams v. State*, 168 S.W.3d 433, 441 (Mo. banc 2005). Movant has not done so here. Movant presented no factual allegations in his motion to overcome the presumption of trial strategy in his claim of ineffective assistance of counsel. Considering Baylark's testimony and the motion court's findings regarding Baylark's lack of credibility, we cannot find Trial Counsel's decision not to call Baylark as a witness was anything other than trial strategy. It is clear that the decision of trial counsel to call a witness is one of trial strategy. We find nothing in Movant's motion or his brief to indicate otherwise.

Movant failed to show there was a reasonable probability that the proposed witness's testimony would have caused the jury to acquit him. His allegations are insufficient to support a claim for ineffective assistance of counsel. The motion court did not clearly err in denying Movant's motion on this ground. Movant's first point is denied.

*Point II—Right to Testify*

██ In his second point, Movant alleges his trial counsel was ineffective for not explaining to Movant that it was Movant's ultimate decision whether to take the witness stand in his own defense at trial and deciding, against Movant's wishes, that he would not call Movant as a witness in his own defense. We disagree.

██ "The criminal defendant's decision to exercise the right to testify is personal to the defendant." *Howard v. State*, 59 S.W.3d 586, 588–89 (Mo.App. E.D.2001). A criminal defendant has a constitutional right to testify on his own behalf and because that right to testify is a fundamental constitutional guarantee, only the defendant himself is empowered to waive that right. *Id.*, citing *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). Like a waiver of other constitutional rights, a defendant's waiver of his right to testify should be made voluntarily and knowingly. *Id.*

██ Although the decision to testify rests solely with the defendant, a defendant is entitled to receive reasonably competent advice. *Jackson v. State*, 205 S.W.3d 282, 286 (Mo.App. E.D.2006). A trial counsel's advice not to testify is not deemed ineffective assistance of counsel if it might be considered trial strategy. *Id.*

Movant argues that he did not voluntarily and knowingly waive his right to testify because he did not understand that even if his trial counsel advised him not to testify, Movant was not required to follow Trial Counsel's advice. Movant claims that he wanted to testify but was told by his trial counsel that it was not prudent to put him on the stand with his prior convictions for child molestation. Movant asserts that his trial counsel failed to inform him that, regardless of his advice, that Movant was entitled to testify and that it was absolutely up to Movant alone whether to take the witness stand in his own defense. Movant argues that had he known he had a right to testify regardless of what his trial counsel recommended, he would have taken the stand in his own defense.

The motion court, however, found that: [Trial Counsel], however, testified that due to [Movant's] prior felony convictions for child molestation in the first degree, he advised [Movant] not to testify and explained to him the consequences of testifying with prior convictions on his record. [Trial Counsel] testified that [Movant] was given the option to decide and that ultimately [Movant] made the decision not to testify. The court credits [Trial Counsel's] testimony and finds that [Movant] was given the option to testify and was so advised of his right to do so, but that [Movant] declined to testify of his own free will, after having been advised of his right to testify, should he desire.

As mentioned earlier, at a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant. *Clay v. State,* 297 S.W.3d 122, 124 (Mo.App. S.D.2009). This Court presumes that the motion court's findings and conclusions are correct, and we defer to the motion court's determinations of credibility. *Id.* We defer to the motion court's superior ability to judge the credibility of witnesses. *Jackson,* 205 S.W.3d at 287. The motion court here was free to believe the evidentiary hearing testimony of Trial Counsel and disbelieve Movant's testimony. *Id.* We see nothing in the record indicating the motion court's findings regarding credibility should not be given deference. The motion court found Trial Counsel was credible in his testimony that Movant was given the opportunity to testify but that Movant himself chose not to take the stand in his own defense. Movant does not prove otherwise.

Based on the record before us, we do not find the motion court clearly erred in denying Movant's amended motion for post-conviction relief. Movant has failed to demonstrate his Trial Counsel's representation "fell below an objective standard of reasonableness." Movant's second point is denied.

### Conclusion

We affirm the motion court's denial of Movant's amended motion for post-conviction relief after an evidentiary hearing.

GEORGE W. DRAPER III and GARY M. GAERTNER, JR., JJ., concur.