Angela T. Quigless, J.
Keith Mason ("Movant") appeals from a judgment denying his Rule 29.15[1] amended motion for post-conviction relief following an evidentiary hearing. Movant asserts two points on appeal, arguing the motion court clearly erred in denying his motion because trial counsel was ineffective for failing to impeach the victim with a prior inconsistent statement, and trial counsel was ineffective for convincing Movant he did not have the right to testify at trial. We affirm the judgment.
Factual and Procedural Background
Movant was charged with one count of first-degree statutory rape, one count of second-degree statutory rape, three counts of first-degree statutory sodomy, and two counts of second-degree statutory sodomy. The charges all related to allegations that Movant engaged in multiple acts of sexual conduct at his home with a child under the age of fourteen between August and October of 2011. Following a jury trial, Movant was found not guilty of first-degree statutory rape, and guilty of all other charges. The court sentenced Movant to a total of twenty-five years in prison.
This Court affirmed Movant's convictions on direct appeal. State v. Mason , 428 S.W.3d 746 (Mo. App. E.D. 2014). The mandate was issued on May 23, 2014. Movant timely filed a pro se motion for post-conviction relief pursuant to Rule 29.15. Post-conviction counsel entered his appearance on behalf of Movant and was granted an additional thirty days to file an amended motion, which was timely filed. Movant's amended motion asserted trial counsel was ineffective for (1) failing to impeach the victim on cross-examination based on a "change in [her] story" between her initial interview and her deposition, and (2) making Movant believe he did not have the right to testify at trial.
The court granted Movant's request for an evidentiary hearing on the amended motion, and the parties agreed to submit the case on depositions in lieu of live testimony. Depositions were filed on April 20, 2016. On January 3, 2017, the motion court issued its Findings of Fact, Conclusions of Law and Order denying Movant's amended motion. This appeal follows.
Additional facts will be set forth in the Discussion section of this Memorandum as necessary to address the issues raised.
Standard of Review
Appellate review of the denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k);
*194 Bolden v. State , 423 S.W.3d 803, 810 (Mo. App. E.D. 2013). The motion court's findings and conclusions are clearly erroneous when we are left with the definite and firm impression that a mistake has been made after reviewing the entire record. Forrest v. State , 290 S.W.3d 704, 708 (Mo. banc 2009).
Discussion
Both of Movant's points on appeal are based on his constitutional right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must prove "by a preponderance of the evidence that (1) defense counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." Hoeber v. State , 488 S.W.3d 648, 655 (Mo. banc 2016) (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). If a movant fails to satisfy either prong of the Strickland test, he or she is not entitled to post-conviction relief. Hoeber , 488 S.W.3d at 655. To satisfy the performance prong, a movant must overcome the strong presumption that counsel's conduct was reasonable and effective by "pointing to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." Id. To satisfy the prejudice prong, a movant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Id. A reasonable probability exists where there is a probability sufficient to undermine confidence in the outcome. Id.
I. Point One-Impeachment of the Victim
In Point I, Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective for failing to impeach the victim on cross-examination based on a "change in [her] story" between her initial interview and her deposition. We disagree.
To prevail on a claim that counsel was ineffective for failing to present impeachment evidence, a movant must show that the failure was outside the realm of trial strategy and that the evidence would have presented a viable defense. Wren v. State , 313 S.W.3d 211, 219 (Mo. App. E.D. 2010). The mere failure to impeach a witness generally does not warrant relief where the facts would not have provided a defense or changed the outcome of the trial. Id. The extent of cross-examination is generally a matter of trial strategy. Kelley v. State , 24 S.W.3d 228, 233 (Mo. App. S.D. 2000). "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." Borst v. State , 337 S.W.3d 95, 105 (Mo. App. W.D. 2011).
Movant alleges the victim changed her story by testifying during a pre-trial deposition that, in addition to the charged offenses which occurred at Movant's home, Movant also took her to a hotel where he committed additional acts of sexual abuse. Movant argues this was a change in the victim's story because she did not make these claims during her initial interview at the Children's Advocacy Center ("CAC"). Prior to trial, the State filed a motion in limine to exclude any reference to these additional allegations, arguing they were inadmissible evidence of Movant's uncharged misconduct. Trial counsel argued Movant should be allowed to introduce this evidence for the purpose of impeaching the victim's testimony. The State responded that, if Movant attempted to impeach the *195 victim based on these additional allegations, it would introduce expert testimony from a forensic interviewer concerning the "process of disclosure" to explain why children sometimes omit some instances of abuse during an initial interview. During trial, trial counsel cross-examined the victim about several inconsistencies between her various statements but did not raise the issue of Movant's conduct at the hotel.
The motion court found Movant's claim that trial counsel was ineffective for failing to impeach the victim was without merit because "[t]his was clearly a matter of trial strategy," stating "it is apparent from the record of the trial that the ultimate decision by counsel not to question the victim about any conduct at a hotel had been considered, discussed and counsel ultimately decided against raising the testimony." The motion court also noted that "the nature of the evidence could very well have been harmful to the defense, and therefore any prejudice from counsel's failure to raise the matter during cross-examination is speculative at best."
We cannot say the motion court's conclusion is clearly erroneous. Here, trial counsel decided to impeach the victim with some of the inconsistencies in her testimony, but decided not to mention the allegations concerning sexual abuse at the hotel. It is clear from the record that trial counsel's decision not to impeach the victim by introducing additional allegations of sexual misconduct by Movant was a reasonable choice of trial strategy under the circumstances of this case.
Case law makes it clear that "the extent of cross-examination" and the decision whether to impeach a witness are matters of trial strategy. Kelley , 24 S.W.3d at 233 (extent of cross-examination); Fry v. State , 244 S.W.3d 284, 288 (Mo. App. S.D. 2008) (impeachment). The facts of this case support that trial counsel's decision regarding the extent of cross-examination and impeachment of the victim was reasonable because introducing additional uncharged evidence against Movant for the purpose of impeaching the victim would have been risky.
Evidence of a defendant's prior uncharged misconduct is generally inadmissible because of a defendant's right to be tried only for the offense with which he is charged. See State v. Davis , 226 S.W.3d 167, 170 (Mo. App. W.D. 2007). By discussing these allegations, trial counsel would have opened the door for the State to explore otherwise inadmissible evidence in greater detail. See Bucklew v. State , 38 S.W.3d 395, 401 (Mo. banc 2001). If trial counsel had impeached the victim regarding a "change in [her] story," the State would have introduced expert testimony to explain that these allegations were not false simply because the victim did not disclose them during her initial CAC interview. This would have diminished the effect of impeachment and bolstered the victim's credibility. Further, introducing evidence that Movant sexually abused victim even more times than he was charged may have been harmful to the defense. After realizing the risk of using this impeachment evidence, trial counsel decided against pursuing this strategy. Trial counsel's decision to avoid introducing evidence of additional uncharged claims of sexual abuse was a reasonable choice of trial strategy and, therefore, did not constitute ineffective assistance of counsel. Borst , 337 S.W.3d at 105.
Accordingly, we find the motion court did not clearly err in finding trial counsel was not ineffective for failing to cross-examine the victim. Point I is denied.
II. Point Two-Right to Testify
In Point II, Movant argues the motion court clearly erred in denying his Rule *196 29.15 motion for post-conviction relief because trial counsel was ineffective for making Movant believe that he could not testify at his trial. We disagree.
A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial, which can only be waived by the defendant himself through a knowing and voluntary waiver. Hurst v. State , 301 S.W.3d 112, 118 (Mo. App. E.D. 2010). Although the decision to testify rests solely with the defendant, a defendant is entitled to receive reasonably competent advice concerning his right to testify. Id. The failure of trial counsel to advise a defendant that he has the right to testify may constitute ineffective assistance of counsel. See Simmons v. State , 100 S.W.3d 143, 147 (Mo. App. E.D. 2003) (reversing the denial of post-conviction relief without an evidentiary hearing, and remanding for a hearing "to determine the veracity of Movant's claim that he was not informed by counsel of his right to testify"). However, "a trial counsel's advice not to testify is not deemed ineffective assistance of counsel if it might be considered trial strategy." Hurst , 301 S.W.3d at 118.
During the post-conviction proceedings, Movant testified by deposition that trial counsel did not discuss his right to testify at trial during pre-trial meetings, but he informed counsel during their second meeting that he planned to testify. Movant further testified that, during a pre-trial hearing, he overheard the prosecutor state, "if I took up the stand he would bring up my past." Trial counsel then told Movant "I don't think it's a good idea for you to take the stand" and "explained what [the prosecutor] was going to do if [Movant] took the stand." In addition, Movant acknowledged that he "discussed this right [to testify] before the jury was picked," that trial counsel "never told [Movant he was] not allowed to [testify]," and that the only thing trial counsel told him was that "it wasn't a good idea" to testify.
Trial counsel testified by deposition that she would not ever, and did not ever "indicate that [Movant] couldn't testify at trial." Trial counsel further stated that her standard practice in every case is to write a memo with possible questions to ask the defendant during direct examination if the defendant wants to testify or is unsure whether he or she wants to testify. Because her notes in this case had no questions prepared for Movant, this indicated "[Movant] and I had spoken about him testifying and that he told me he did not want to testify." Her notes also indicated that she "went over what happens in trial" with Movant during a pre-trial meeting, and "[a]t that point we would have talked about [Movant's right to testify]," but she did not have a specific recollection of the conversation. Trial counsel also testified that she recalled advising Movant that, if he testified, "I do not believe a jury would believe his version of events and I felt that he would open up a door to things that we did not want to come into trial," including being on federal probation and a prior conviction for a sex crime, which trial counsel believed Movant "wouldn't be able to explain."
Based on this evidence, the motion court denied Movant's claim that trial counsel was ineffective for making him believe that he could not testify. We are not left with a firm and definite impression that this conclusion was clearly erroneous as the record supports that trial counsel informed Movant of his right to testify. See Simmons , 100 S.W.3d at 147. Moreover, Movant conceded in his deposition testimony that trial counsel "discussed this right [to testify] before the jury was picked" and only told him that "it wasn't a good idea." Trial counsel's advice that it would not be *197 a good idea for Movant to testify given his prior convictions was a reasonable choice of trial strategy. See Hurst , 301 S.W.3d at 118. Moreover, where the record supports a finding that Movant was aware of his right to testify, Movant cannot establish prejudice. See Kenney v. State , 46 S.W.3d 123, 129 (Mo. App. W.D. 2001).
Accordingly, we find the motion court did not clearly err in concluding trial counsel was not ineffective for making Movant believe he could not testify at trial. Point II is denied.
Conclusion
The judgment of the motion court is affirmed.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J., concur.

All rule references are to Mo. Sup. Ct. Rules (2013), unless otherwise indicated.