**Kory S. CLAY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. SD 29520.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 2009.

Loyce Hamilton, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Terrence M. Messonnier, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Pursuant to a plea agreement, Kory S. Clay ("Movant") pled guilty to second-degree murder and first-degree assault, both class A felonies. Movant was sentenced to consecutive terms of life in prison for the murder and fifteen years for the assault, consecutive with a seven-year sentence he was serving at that time after a probation violation on an earlier charge. He now appeals from a denial of his motion for post-conviction relief under Rule 24.035.[1] We affirm.

The State originally filed an information charging Movant with first-degree murder, first-degree assault, and two counts of armed criminal action. The State subsequently filed notice of its intent to seek the death penalty. While the case was pending, Movant sent a letter to the prosecutor informing him that Movant believed second-degree murder was the appropriate charge. Once Movant's plea counsel learned of the letter, plea negotiations commenced and continued over the next eight to nine months, with the parties eventually reaching a plea agreement. Under the agreement, the State agreed to reduce the murder charge to second-degree murder, maintain the first-degree assault charge, and drop the two counts of armed criminal action in exchange for guilty pleas to the murder and assault charges. The State also agreed to recommend a life sentence for the murder charge and a twenty-five year sentence on the assault charge, with both recommendations serving as a cap. At the sentencing hearing, the judge sentenced Movant to consecutive terms of life in prison on the murder charge and fifteen years for the assault charge, and ordered him to serve both consecutive to the seven-year sentence he was already serving.

Following his sentence, Movant filed a motion to vacate, set aside, or correct the judgment or sentence on the grounds that he was denied his constitutional rights to persist in his plea of not guilty, to conflict-free counsel, due process, a fair trial by an

---

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2008), unless otherwise specified.

impartial jury, and effective assistance of counsel. Movant's amended motion alleged that he was denied these rights because his plea counsel had promised him that all sentences would run concurrently, and that, but for that promise, he would not have plead guilty. At the evidentiary hearing on his motion, Movant testified his plea was unknowing, unintelligent, and involuntary because plea counsel, with knowledge of his mental deficiencies, pressured him into a guilty plea, promised him that the assault charge would be reduced to a class B felony, and misled him as to the length of the sentences. Movant also testified at the evidentiary hearing that his plea was unknowing, unintelligent and involuntary because he had taken medication prior to his sentencing hearing and was not asked about it.

In its findings of fact and conclusions of law, the motion court found credible the testimony of plea counsel that they did not promise Movant the sentences would run concurrently or that the assault charge would be reduced, and resolved all conflicting testimony in favor of plea counsel. In addition, the motion court found that plea counsel had not made misrepresentations to Movant, and that any belief of Movant that the assault charge would be reduced, that the sentences would run concurrently, or that the lengths of the sentences would be different was unreasonable. Accordingly, the motion court found that Movant's attorneys did not fail to exercise the customary skill, care, and diligence of a reasonably competent attorney in similar circumstances, that he was not prejudiced by any of his attorneys' acts or omissions, and that his pleas were made knowingly, voluntarily, and intelligently.

Our review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Findings are clearly erroneous only where a review of the entire record leaves us with a firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The motion court determines the credibility of witnesses at the evidentiary hearing, and is free to believe or disbelieve the testimony of any witness, including that of the movant. *Watts v. State*, 248 S.W.3d 725, 732 (Mo.App. S.D. 2008). We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility. *Id.* at 729, 732.

In the case before us, the motion court determined that plea counsels' testimony was more credible than that of Movant; the motion court believed plea counsels' testimony that they had not promised Movant the sentences would all run concurrently and the assault charge would be reduced, despite Movant's testimony to the contrary. In addition, the motion court concluded that plea counsel had not misled Movant regarding the lengths of the sentences. We defer to those credibility determinations and, therefore, find no error.

Movant's additional argument, that the findings were clearly erroneous because the motion court did not consider evidence of Movant's mental deficiencies or the testimony that Movant had taken psychotropic medication prior to the hearing, was not raised in Movant's amended motion and was, therefore, not properly before the motion court.[2] Under Rule 24.035, the motion for post-conviction relief

**2.** Movant relies on *Rodden v. State*, 795 S.W.2d 393 (Mo. banc 1990), to argue that those issues were tried without objection and

that the motion, therefore, was amended by consent to include those issues. Elsewhere in his brief, however, Movant concedes that the

shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

Rule 24.035(d). In addition, the hearing is confined to the claims contained in the last timely filed motion. Rule 24.035(i). Movant's claims that he did not knowingly, voluntarily, and intelligently enter his guilty plea because he suffered from mental deficiencies and had taken psychotropic drugs before entering his plea were not contained in his amended motion and were, therefore, waived. *See Blakely v. State,* 795 S.W.2d 570, 572 (Mo.App. S.D.1990) (holding that we do not review a claim of ineffective assistance of counsel which was not pled in the motion to vacate). We find no error in the motion court's findings of fact and conclusions of law.

The judgment is affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.

issue was not properly preserved for appeal because Movant did not raise the issue of mental deficiency in his amended motion, and that the State demonstrated its lack of consent to a trial of that issue by objecting to Movant's attempt to raise it at the hearing. Furthermore, *Rodden,* where the court held that the failure to object to defective pleadings resulted in an amendment by consent, was decided under the now-defunct Rule 27.26, which contained no time limitation on amendments. *Id.* at 395. The time limitations for amended motions under the current Rule 24.035 render *Rodden* inapposite.