**Lindell BRISCOE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 94506.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 15, 2011.

Gwenda Renee Robinson, Missouri Public Defender Office, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Lindell Briscoe (Briscoe) appeals the denial of his amended motion for post-conviction relief after an evidentiary hearing. Briscoe was convicted by a jury of first-degree assault and armed criminal action, and sentenced to concurrent sentences of fifteen years imprisonment for each count. Briscoe's conviction was upheld in *State v. Briscoe*, 243 S.W.3d 492 (Mo.App. E.D. 2008). Thereafter, Briscoe filed for post-conviction relief alleging he was denied effective assistance of counsel because his trial counsel (Trial Counsel) failed to call several witnesses to testify to Briscoe's alibi defense. Briscoe was granted an evidentiary hearing, after which the motion court denied Briscoe's amended motion. Finding that the motion court did not clearly err in denying Briscoe's post-conviction motion, we affirm.

## Background

The State of Missouri (State) charged Briscoe with one count of first-degree assault and one count of armed criminal action, arising out of an incident on March 25, 2004, whereby the State alleged Briscoe shot Emmanuel Golden (Golden). A jury found Briscoe guilty on both counts and the trial court sentenced Briscoe to fifteen years of imprisonment on each count, with the sentences to run concurrently.

Briscoe appealed his conviction to this Court, which affirmed the trial court's judgment in *State v. Briscoe*, 243 S.W.3d 492 (Mo.App. E.D.2008). Thereafter Briscoe filed a pro se motion for post-conviction relief. Post-conviction counsel was appointed and filed an amended post-conviction motion requesting an evidentiary hearing. Among his post-conviction claims, Briscoe alleged that Trial Counsel was ineffective for failing to subpoena and call several alibi witnesses, including Charles Caesar (Caesar) and Eugene Roberts (Roberts). The motion court granted Briscoe an evidentiary hearing, during which Caesar, Roberts, and Trial Counsel testified live and Briscoe testified via deposition testimony.

The motion court denied Briscoe's amended post-conviction motion, finding that Trial Counsel exercised the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that Briscoe failed to establish how he was prejudiced as a result of Trial Counsel's alleged ineffectiveness. The motion court reasoned that Trial Counsel explained that his investigation led him to believe that the witnesses would not have produced a viable defense and thus, as a matter of trial strategy and based upon his experience with alibi defense, he did not call the witnesses. The motion court further noted that the inconsistencies in the witnesses' testimony would not have unqualifiedly supported Briscoe or provided a viable defense.

Briscoe filed a notice of appeal to this Court. This appeal follows.

## Point on Appeal

In his sole point on appeal, Briscoe claims the motion court erred in denying his post-conviction motion because Trial Counsel was ineffective for failing to call Caesar and Roberts as witnesses to testify to an alibi defense. Briscoe argues that

the defenses of misidentification and alibi are not mutually exclusive and that Trial Counsel's strategy of excluding the alibi witnesses was unreasonable under the circumstances. Briscoe claims that but for Trial Counsel's failure, there is a reasonable probability that the jurors would have had reasonable doubt about Briscoe's guilt and that the outcome of his trial would have been different.

### Standard of Review

■ When reviewing a judgment entered on a Rule 29.15 motion for post-conviction relief, we consider whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are presumed correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010).

### Discussion

■ Briscoe's claim of ineffective assistance of counsel is premised upon Trial Counsel's failure to call Caesar and Roberts to testify to his alibi defense at trial. Briscoe avers Trial Counsel's strategy in excluding the witnesses was unreasonable under the circumstances. We disagree, finding no indication that Trial Counsel's decision not to call the witnesses was anything other than reasonable trial strategy.

At trial, Briscoe testified on his own behalf regarding his alibi defense. Trial Counsel called no witnesses to substantiate the alibi defense, and focused instead on the defense of mistaken identification. Briscoe's post-conviction motion stressed Trial Counsel's failure to subpoena and call Caesar and Roberts as alibi witnesses for Briscoe at trial. At the evidentiary hearing conducted on Briscoe's motion for post conviction relief, both Caesar and Roberts testified as to what each would have testified to had he been called at trial.

Caesar testified that he had known Briscoe his entire life. While Caesar claimed that in March 2004, Briscoe was with him at a party the night of the alleged crime, Caesar did not know the actual date of the party. Caesar testified that he was not drinking at the party because he was the driver for the group of friends and that Briscoe was not in his sight the entire night.

Roberts also testified at Briscoe's evidentiary hearing that he had known Briscoe his entire life and considered Briscoe close, "like family." Roberts testified that on March 25, 2004, he was with Briscoe at his cousin's birthday party. Roberts claimed that Caesar picked him up for the party around 7 p.m., along with Briscoe and another friend, and that they arrived at the party around 7:30 or 7:45. Roberts reported drinking and talking with Briscoe "all night." Roberts testified that there was never a time that Briscoe was not in his presence at the party. During the party, Roberts testified that Caesar was throwing up because he was drinking and that after the party, Roberts and Briscoe slept in Caesar's car until the morning. Roberts also testified that he was a documented gang member, and had a criminal history including first degree tampering, possession of a controlled substance, and driving with a suspended license.

Trial Counsel testified at Briscoe's evidentiary hearing that he and Briscoe decided to focus on a mistaken identification defense at trial, rather than an alibi defense. Trial Counsel admitted that he had an inherent bias against an alibi defense because he felt such defense shifted the burden onto the defendant, and that if the jurors have a tendency to convict if they do not believe the alibi. Trial Counsel also

testified that he did not believe the testimony of the witnesses would have assisted Briscoe's defense. Trial Counsel noted that the witnesses were young kids who were drinking at a party and that he lacked confidence these individuals would be good witnesses when subject to cross-examination regarding how much they had to drink, or whether or not they knew Briscoe was at the party at the specific time of the crime. Trial Counsel also noted that he was concerned about the gang affiliations of the witnesses in light of allegations that Briscoe was a gang member, and the gang affiliation could have provided the State with a motive for the shooting. Trial Counsel testified that it was a trial strategy decision not to introduce the alibi witnesses at trial.

■ For relief based on claims of ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006), *citing Strickland v. Washington,* 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Briscoe must satisfy both the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. *Workes v. State,* 751 S.W.2d 414, 415 (Mo.App. E.D. 1988).

■ In examining the first prong of the *Strickland* test, "[i]t is presumed that counsel's conduct was reasonable and effective." *Anderson,* 196 S.W.3d at 33. Briscoe must overcome a strong presumption that Trial Counsel provided competent representation by demonstrating that Trial Counsel's representation "fell below an objective standard of reasonableness." *Id.* "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Id.; see also Roper v. State,* 233 S.W.3d 744, 746 (Mo.App. S.D.2007) ("Counsel is not ineffective for pursuing reasonable trial strategy.").

■ To satisfy the second prong of the *Strickland* test and prove prejudice, Briscoe must demonstrate that there is a reasonable probability that, but for Trial Counsel's errors, the result of the proceeding would have been different. *Anderson,* 196 S.W.3d at 33. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

■ To establish ineffective assistance of counsel based on failure to call a witness, Briscoe must demonstrate: (1) Trial Counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness' testimony would have produced a viable defense. *Williams v. State,* 168 S.W.3d 433, 441 (Mo. banc 2005). Trial counsel's decision not to call a witness is "presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Id.*

Briscoe alleges a reasonably competent attorney under the same or similar circumstances would have called Caesar and Roberts to testify about Briscoe's alibi in order to bolster Briscoe's defense. In response to the allegation that Trial Counsel was ineffective for failing to call Caesar and Roberts as witnesses, the motion court held that:

> The inconsistencies of the witnesses' testimony would not have unqualifiedly supported [Briscoe] or provided a viable defense. Additionally, there is no reasonable probability that the result of the

case would have been different, in that there was strong evidence of [Briscoe's] guilt.

Further, the motion court found that given the inconsistencies of the alibi witnesses at the evidentiary hearing, it could not find that Caesar and Roberts's testimony was more credible than that of Trial Counsel. The motion court noted that Trial Counsel's testimony refuted Briscoe's claim that the witnesses would have provided a viable defense.

■ We agree with the motion court and do not find that the motion court clearly erred on this issue. At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness. *Clay v. State*, 297 S.W.3d 122, 124 (Mo. App. S.D.2009). "We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility." *Id.* The motion court here clearly found the testimony of Caesar and Roberts to be less than credible and found that, instead of helping Briscoe's case, Caesar and Roberts's testimony could have harmed Briscoe's case at trial. Briscoe does not provide any reason why this Court should disregard the deference given to the motion court's findings on credibility. In light of the motion court's credibility findings, we similarly conclude that Briscoe has not shown that calling Caesar and Roberts as witnesses would have provided him with a viable defense. As both Trial Counsel and the motion court noted, the testimony of Caesar and Roberts was conflicting, would not necessarily provide a defense that Briscoe was not at the crime scene at the time of the crime, and could in fact, actually hinder Briscoe's defense by providing additional fodder for the State regarding the gang membership of not only Briscoe, but also his friends. The testimony of Caesar and Roberts would not have assisted Briscoe in providing a viable defense.

Furthermore, record amply shows that Briscoe has failed to overcome the "trial strategy" burden. It is well settled under Missouri law that there is a strong presumption that trial counsel was effective. To prove ineffective assistance of counsel, Briscoe must clearly establish that the decision to forego calling a witness was not trial strategy. *Williams*, 168 S.W.3d at 441. Briscoe has not done so here. Briscoe presented no factual allegations in his motion to overcome the presumption of trial strategy in his claim of ineffective assistance of counsel. Considering Caesar and Roberts's testimony and the motion court's findings regarding their lack of credibility, we cannot find Trial Counsel's decision not to call Caesar and Roberts as witnesses was anything other than trial strategy. We find nothing in Briscoe's motion or his brief to indicate otherwise.

Briscoe has failed to demonstrate there was a reasonable probability that the proposed witnesses' testimony would have caused the jury to acquit him. His allegations are insufficient to support a claim for ineffective assistance of counsel. The motion court did not clearly err in denying Briscoe's motion on this ground. Briscoe's point is denied.

### Conclusion

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR., J. and GAEL D. WOOD, Sp. J., Concur.