**Elijah J. HARRIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98602.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 2013.

Maleaner Harvey, St. Louis, MO, for appellant.

Chris Koster, Todd T. Smith, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Elijah Harris ("Movant") appeals from the judgment of the motion court denying his motion for post-conviction relief pursuant to Rule 29.15 without an evidentiary hearing. Finding no error, we affirm.

The State charged Harris with one count of drug trafficking in the second degree and one count of possession of up to thirty-five grams of marijuana. At trial, the State presented testimony from Officer Matthew Simpson of the City of St. Louis Police Department and from a forensic drug chemist with the City of St. Louis Police Department Crime Laboratory. Movant did not testify, but two friends, Dora Harvey and Michele Piel, who were in the car with Movant during the incident that led to his arrest, did testify. The jury convicted Movant on both counts, and he was sentenced as a prior and persistent offender to a term of twelve years' imprisonment. This Court affirmed the convictions and sentence on direct appeal in *State v. Harris*, 320 S.W.3d 223 (Mo.App. 2010).

Movant timely filed a motion for post-conviction relief pursuant to Rule 29.15, and appointed counsel filed an amended motion. In his amended motion, Movant alleged that trial counsel provided ineffective assistance of counsel to him by failing to call Sarah Mayers, the driver of the car and his girlfriend at the time of the incident, as a witness. Movant alleged that she would have testified that he did not try to hide a baggie containing an off-white substance, as testified to by Officer Simpson, and that she never saw such a baggie in the car at all. Movant asserted that but for this alleged ineffectiveness, the outcome of his trial would have been different.

The motion court denied the motion for post-conviction relief without an evidentia-ry hearing. It made findings of fact and conclusions of law. It found that trial counsel called two witnesses, Harvey and Piel, and that Harvey testified that the car driven by Mayers stopped at a stop sign, and did not run it. She stated that Officer Simpson came up to the passenger window and began yelling at Movant, and then had the occupants exit the vehicle while he searched it. Harvey testified that she never saw anything in Movant's hand, did not see him try to hide anything, and did not see anything in Officer Simpson's hand after he searched the car. The motion court found that Piel testified that the police pulled over the car driven by Mayers because the vehicle had temporary tags, and yanked Movant out of the car. Piel stated that she never saw Movant with the baggie, and when Officer Simpson searched the car, Movant was in the back of the patrol car.

The motion court also found that trial counsel had told the trial court that he had attempted to contact Mayers, who had not returned his calls. It further found that trial counsel also told the trial court that based on his trial strategy, he would not have called her regardless. It also found that Movant stated during questioning about his legal representation that he had given names to trial counsel of witnesses, specifically Harvey and Piel, and that when asked if there were anything else trial counsel should have done or witnesses he should have called, Movant failed to mention Mayers.

The motion court found that Movant's claim was without merit because it was apparent from the record that the testimony of Mayers would have been cumulative to that of Harvey and Piel. It also found that it was "further apparent" that trial counsel had not acted unreasonably in not pursuing Mayers, and that it was apparent that there would have been credibility is-

sues regarding her testimony. The motion court concluded that defendant's motion failed to allege facts that would entitle him to relief, and denied the order.

Movant now appeals from this judgment.

█ In his sole point relied on, Movant contends that the motion court clearly erred in denying his motion for post-conviction relief pursuant to Rule 29.15 without an evidentiary hearing because he alleged facts that warranted relief that were not refuted by the record. Movant avers that he was deprived of his constitutional rights in that trial counsel was ineffective for failing to interview, investigate, subpoena, and call a material witness, Sarah Mayers, to testify at trial. Movant alleges that Mayers's testimony was necessary to provide him with a viable defense, namely that she would have testified that he did not try to push a baggie containing an off-white substance between the passenger seat and console and that she never saw such a baggie in the car, which she was driving, at all. Movant argues that but for this ineffectiveness of counsel, the outcome of his trial would have been different.

Rule 29.15 governs the procedure for litigating claims of ineffective assistance of counsel where a defendant has been convicted of a felony. *Williams v. State,* 168 S.W.3d 433, 439 (Mo. banc 2005). A claim of ineffective assistance of counsel has two parts. First, a movant must demonstrate that counsel failed to exercise the customary skill, care, and diligence of a reasonably competent attorney under similar circumstances. *Williams v. State,* 386 S.W.3d 750, 752 (Mo. banc 2012) (quoting *Johnson v. State,* 333 S.W.3d, 459, 463 (Mo. banc 2011)); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We presume that counsel acted professionally and that any challenged action was part of counsel's sound trial strategy. *Williams,* 386

S.W.3d at 752. Second, if the movant shows that counsel's performance was not reasonably competent, then movant must establish that counsel's deficient performance prejudiced him. *Id.* To satisfy the second part of this test, the movant must show that, had counsel not erred, there would be a reasonable probability that the result of the proceeding would have been different. *Id.* This Court does not need to address both components of the inquiry if the movant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989).

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. Rule 29.15(h). *Williams,* 168 S.W.3d at 439.

Our review of the denial of post-conviction relief by a motion court is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams,* 168 S.W.3d at 439. A motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court firmly believes that a mistake was made after it has reviewed the whole record. *Id.*

█ To establish ineffective assistance of counsel based on a failure to call a witness, a movant must show that: trial counsel knew or should have known of the witness; the witness was locatable through reasonable investigation; the witness would testify; and the testimony of the witness would have produced a viable defense. *Briscoe v. State,* 334 S.W.3d 183, 187 (Mo.App.2011). The decision of trial counsel not to call a witness is presump-

tively a matter of trial strategy, and accordingly will not sustain a claim of ineffective assistance of counsel unless the movant clearly establishes otherwise. *Id.* (quoting *Williams v. State,* 168 S.W.3d 433, 441 (Mo. banc 2005)).

In the present case, Movant told the trial court that he gave trial counsel the names of two witnesses, Harvey and Piel. They both testified at the trial. When asked by the trial court if there was anything that trial counsel did that he should not have done, Movant replied "No, sir, no, sir." When the trial court asked Movant if there were anything that trial counsel should have done that he did not do, he responded "I felt he done the best of his skills … I felt he done the best he could do, honestly I do." Movant's chief complaint was that he felt that trial counsel could have done more, but he did not know what that "more" was. He also stated that he did not feel like he and trial counsel were "connected" and "on the same page[,]" Movant's responses to the trial court's questioning is sufficient to refute his allegations.

In addition, trial counsel stated that he had tried to contact Mayers, to no avail, and that as a matter of trial strategy he would not have called her as a witness. A reasonable choice of trial strategy, even if it turns out poorly for the defendant, will not provide a basis for a claim of ineffective assistance of counsel. *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005). Moreover, Mayers's purported testimony would have been cumulative of the testimony provided by Harvey and Piel. Failure to put on cumulative witnesses is not ineffective assistance of counsel. *See Deck v. State,* 381 S.W.3d 339, 351–52 (Mo. banc 2012). The motion court did not clearly err in denying Movant's motion for postconviction relief without an evidentiary hearing. Point denied.

The judgment of the motion court is affirmed.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.