**Joseph Edward SMITH, Movant-Appellant,**

v.

**STATE of Missouri, Respondent-Respondent.**

**Nos. SD 34463, SD 34464, SD 34465 & SD 34466 Consolidated**

Missouri Court of Appeals, Southern District, **Division One.**

Filed: May 25, 2017

Attorney for Appellant—EMMETT D. QUEENER, Columbia, MO.

Attorney for Respondent—CHRISTINE K. LESICKO, Jefferson City, MO.

## MARY W. SHEFFIELD, C.J.

Joseph Edward Smith ("Movant") appeals from the motion court's judgments in four consolidated post-conviction cases. Those judgments dismissed Movant's post-conviction motions because Movant's initial motions were not timely filed under Rule 24.035(b).[1] Movant claims the motion court clearly erred in failing to find the delay in filing was excused under the third-party interference exception to the time limits of the post-conviction rules. However, Movant failed to prove that he fell within a recognized exception to the time limits of the post-conviction rules. Consequently, we affirm the motion court's judgment.

## Factual and Procedural Background

Over a period of several years, Movant pleaded guilty to five different felonies in four separate criminal cases. Movant was finally delivered to the Department of Corrections to begin serving his sentences on January 9, 2015.

On July 30, 2015, Movant filed four pro se motions seeking post-conviction relief under Rule 24.035 in each of the four separate criminal cases. The State thereafter filed a motion to dismiss in each case.

■ The motion court held a consolidated hearing regarding the motions to dismiss.[2] At that hearing, Movant testified that he prepared his pro se motions prior to July 7, 2015, but that he could not mail them at that time because he did not have money for postage. Movant further explained that he received only $8.50 in income each month and, pursuant to Department of Corrections regulations, he had to use that money to purchase personal hygiene items. He testified that he purchased nothing other than personal hygiene items during the time he was trying to file his post-conviction motions. The State presented an exhibit showing Movant's transactions at the prison canteen which reflected purchases for sodas, snacks, and tobacco.[3]

The motion court disbelieved Movant's testimony regarding his ability to pay for postage. The motion court entered a judgment dismissing Movant's pro se motions as untimely filed. Movant appeals.

## Discussion

In his sole point on appeal, Movant claims the trial court clearly erred in find-

---

1. All rule references are to Missouri Court Rules (2017).

2. We applaud the efforts the prosecutor and the motion court took in this case to determine the timeliness of Movant's initial motion. Although Movant bore the burden of pleading and proving the motion was timely filed and he failed to meet that burden when he did not mention the timeliness issue in either his pro se or his amended motions, the procedure employed here comports with the court's independent duty to enforce the time limits of the post-conviction rules.

3. The State's exhibit was not deposited with this Court as an exhibit on appeal, although a copy of that exhibit appears in the appendix to Movant's brief. Generally, "[t]his Court 'is limited to consideration of the evidence in the record; exhibits attached to a brief may not be used to assert facts on appeal.' " *State v. Smith*, 292 S.W.3d 595, 599 (Mo. App. S.D. 2009) (quoting *State v. Pendergrass*, 869 S.W.2d 816, 819 n.1 (Mo. App. S.D. 1994)). However, "a statement of fact asserted in one party's brief and conceded as true in the opposing party's brief may be considered as though it appears in the record." *State v. Cole*, 384 S.W.3d 318, 324 n.5 (Mo. App. S.D. 2012) (quoting *In re Trust of Nitsche*, 46 S.W.3d 682, 684 (Mo. App. S.D. 2001)). Here, the State's exhibit was admitted during the evidentiary hearing below, and both parties refer to it in their briefs. Under these circumstances, this Court may consider the information from the State's exhibit as if it were properly included in the record. *See id.*

ing Movant did not fall into a recognized exception to the time limits of the post-conviction rules. Specifically, Movant argues the delay was "excused by the Department of Corrections'[s] regulations limiting inmate funds which interfered with [Movant's] ability to file his motions in a timely manner and by the failure of the Department of Corrections to assist with or provide the necessary means for [Movant] to acquire postage to file his motions." This argument is without merit because it ignores the standard of review.

■■■ Appellate review of orders entered under Missouri's post-conviction rules "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous."[4] *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014) (quoting *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010)). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (quoting *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000)). Moreover, "[t]he motion court determines the credibility of witnesses . . . and is free to believe or disbelieve the testimony of any witness, including that of the movant." *Clay v. State*, 297 S.W.3d 122, 124 (Mo. App. S.D. 2009). Appellate courts "defer to the motion court's determinations of credibility." *Id.*

■■■ The time limits in the post-conviction rules are valid and mandatory. *Henson*, 518 S.W.3d at 832–33, 2017 WL 1179797, at *3. "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b); see also *Green v. State*, 481 S.W.3d 589, 591 (Mo. App. S.D. 2015). To avoid these waivers in cases where the pro se motion is untimely on its face, the movant must allege and prove either that "he falls within a recognized exception to the time limits" or that "the court misfiled the motion." *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012).

Because Movant did not file a direct appeal, his pro se motion was due "within 180 days of the date the person is delivered to the custody of the [D]epartment of [C]orrections." Rule 24.035(b). Movant was delivered to the Department of Corrections on January 9, 2015, and his pro se motions were filed on July 30, 2015. There were 202 days between January 9, 2015, and July 30, 2015. Consequently, Movant's pro se motions were untimely on their face. Furthermore, there were neither allegations nor testimony suggesting the court misfiled the motions. Thus, the only way the motion court would have authority to address Movant's motions on the merits would be if Movant alleged and proved that he fell within a recognized exception to the post-conviction time limits. *See id.*

■■■ There are currently two recognized exceptions to the post-conviction time limits: abandonment and third-party interference. *Price*, 422 S.W.3d at 301. Abandonment "cannot excuse an inmate's failure to file a timely initial motion[.]" *Id.* Thus, the issues in this case are delimited

---

4. As this Court stated in *Henson v. State*, SD34496, 518 S.W.3d 828, 830, 2017 WL 1179797, *1 n.1 (Mo. App. S.D. March 30, 2017), "[a]lthough this is a Rule 24.035 case, we will at times cite to cases interpreting identical substantive provisions of its counter-part, Rule 29.15, because 'case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule.'" (quoting *Vogl v. State*, 437 S.W.3d 218, 224 n.7 (Mo. banc 2014)).

by the third-party interference exception. Under that exception:

> when an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed ..., any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waivers imposed by [the post-conviction rules] not enforced.

*Id.* This exception has been applied where the inmate prepared the motion and timely mailed it but mailed it to the wrong court, where the inmate prepared the motion and timely mailed it but mailed it to an outdated address, and where the inmate prepared the motion and timely mailed it to his attorney who had promised to deliver it to the court. *Id.* at 301-02.

None of those situations are similar to the present case. In each of those cases, the inmate prepared and timely mailed his motion. Here, in contrast, Movant simply did not mail his motion until after the deadline had passed. Although Movant testified he was prevented from doing so because of regulations imposed by the Department of Corrections, the motion court was not required to believe that testimony. *See Clay*, 297 S.W.3d at 124. This Court must defer to that credibility determination. *See id.* The motion court did not clearly err in finding Movant failed to prove he fell into a recognized exception to the time limits in the post-conviction rules.

To support his position in favor of a contrary conclusion, Movant makes two arguments. First, he relies on *Bell v. Phillips*, 465 S.W.3d 544 (Mo. App. W.D. 2015), for the proposition that a prison's refusal to provide funds to pursue a post-conviction case justifies relief. *Bell* does not aid Movant's position because it did not involve the application of Rule 29.15 or Rule 24.035. The law applicable in that case did not employ the "complete waiver" language included in Missouri's post-conviction rules. Cf. 28 U.S.C.A. § 2254 (West 2006); 42 U.S.C.A. § 1983 (West 2012). The "complete waiver" language of the Missouri post-conviction rules is the justification for the dismissal of the motions in this case. *See Dorris*, 360 S.W.3d at 267-68. Since that language does not appear in the laws at issue in *Bell*, *Bell* provides no guidance in this case.

Next, Movant makes a factual argument about the probative value of the prosecutor's evidence. This argument ignores the standard of review because it rests on the implicit, and erroneous, assumption that the motion court needed that evidence to determine Movant's testimony was not credible. That is not the case. As stated above, the motion court "is free to believe or disbelieve the testimony of any witness, including that of the movant." *Clay*, 297 S.W.3d at 124. This principle holds true even where testimony is undisputed. E.g., *Moore v. State*, 207 S.W.3d 725, 729 (Mo. App. S.D. 2006).

Movant's sole point on appeal is denied.

### Decision

The motion court's judgment is affirmed.

JEFFREY W. BATES, P.J.—CONCURS

DON E. BURRELL, J.—CONCURS