

# Missouri Court of Appeals

### Southern District

In Division

RICK LEE MCCARTNEY, )
)
Appellant, )  No. SD37434
)
v. )  **Filed:  August 12, 2022**
)
STATE OF MISSOURI, )
)
Respondent. )

APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable David R. Munton, Judge

**<u>AFFIRMED</u>**

Rick Lee McCartney ("Movant") appeals the dismissal of his *pro se* Rule 24.035 motion seeking to set aside his guilty pleas.[1]  In a single point, Movant claims the trial court clearly erred in dismissing his untimely *pro se* Rule 24.035 motion because circumstances beyond his control justified the late filing.  Because the motion court did not clearly err in finding Movant failed to prove any recognized exception to the timeliness requirement, we affirm the motion court's judgment.

---

[1] All rule references are to Missouri Court Rules (2020).

**Factual and Procedural Background**

On November 20, 2019, Movant pleaded guilty to three counts of assault in the second degree and one count of armed criminal action and was sentenced on that same day.[2] At sentencing, Movant was advised he must file a motion for post-conviction relief under Rule 24.035 within 180 days and that failure to do so would "waive [his] rights under this rule." The deadline for filing his motion for post-conviction relief was May 18, 2020. *See* Rule 24.035(b).[3]

On June 19, 2020, over 200 days after the sentencing hearing, Movant filed his *pro se* motion for post-conviction relief. The State filed a motion to dismiss Movant's *pro se* motion for being untimely filed. Movant's appointed counsel filed a motion to excuse the late filing of Movant's *pro se* motion. The motion court denied Movant's motion to excuse the late filing, which Movant appealed. In that appeal, this Court reversed and remanded to the motion court with directions to permit appointed counsel to file an amended motion alleging the reasons for untimeliness and to hold an evidentiary hearing on that matter. ***McCartney v. State***, 622 S.W.3d 729, 732 (Mo. App. S.D. 2021).

Appointed counsel then filed the amended motion and supplemented the filing with a written statement by Movant detailing why he did not timely file his *pro se* Rule 24.035 motion. In the amended motion, Movant claimed COVID-19 restrictions at the prison "prohibited him from being able to access, complete, and send in the [*pro se*

---

[2] Movant was sentenced to three concurrent terms of imprisonment of seven years for each assault and a consecutive three-year term for armed criminal action.

[3] If no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the sentence is entered. Rule 24.035(b).

motion] in a timely fashion[,]" arguing this claim constitutes a recognized exception where the untimely filing is "caused by circumstances beyond the movant's control." The motion court held an evidentiary hearing to determine if Movant's untimely filing fell within a recognized exception to Rule 24.035's timeliness requirements.

Movant testified at the hearing. According to Movant, he was allowed access to the prison library and first went there on February 28, 2020. At the beginning of March 2020, he requested and received a Form 40 for his *pro se* motion. The correctional facility subsequently went into lockdown due to COVID-19. Movant was unable to access the library again until sometime in April. According to Movant, he could not acquire the services of a notary and print the correct amount of copies until June 16, 2020, due to scheduling difficulties caused by COVID-19 restrictions.[4]

Movant presented no evidence he had completed his *pro se* motion before May 18, 2020. Movant testified he did not complete his *pro se* motion before the prison went on lockdown because he "didn't really know how." Movant testified he was allowed in the library about four times from the time he arrived at the prison until the time he got his *pro se* motion notarized. Movant admitted he had opportunities to go to the law library before his *pro se* motion was due.

Following the evidentiary hearing, the motion court dismissed Movant's *pro se* motion as untimely because Movant failed to prove any recognized exception to Rule 24.035's timeliness requirements. Movant appeals from that judgment.

---

[4] Movant testified he was not aware he could send in the *pro se* motion without having it notarized.

## Standard of Review

We review a motion court's dismissal of a movant's Rule 24.035 motion for clear error. Rule 24.035(k). The findings and conclusions are clearly erroneous only if a review of the record leaves us with a definite and firm impression that the motion court made a mistake. *Scrivens v. State*, 630 S.W.3d 917, 919 (Mo. App. S.D. 2021). Moreover, "[t]he motion court determines the credibility of witnesses . . . and is free to believe or disbelieve the testimony of any witness, including that of the movant." *Smith v. State*, 520 S.W.3d 488, 491 (Mo. App. S.D. 2017) (quoting *Clay v. State*, 297 S.W.3d 122, 124 (Mo. App. S.D. 2009)).

## Analysis

Rule 24.035(b) filing deadlines "are mandatory, strictly enforced, and may not be extended."[5] *Miley*, 559 S.W.3d at 99. If a movant fails to file a Rule 24.035 motion in a timely fashion, "the result is a complete waiver of the right to proceed under the rule, and neither the motion court nor the appellate court has authority to consider the merits of a claim raised in an untimely-filed post-conviction motion." *Id.* "To avoid dismissal, a movant bears the burden of *pleading and proving* by a preponderance of the evidence that the *pro se* motion was timely filed."[6] *Jackson v. State*, 643 S.W.3d 640, 645 (Mo. App. S.D. 2022).

---

[5] The purpose of Rule 24.035 is to provide a prompt review of any deficiency in the judgment or sentence. *Miley v. State*, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018)

[6] Rule 24.035(b) in pertinent part prescribes the procedure for determining if a *pro se* motion is timely:

> If the motion is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of the filing of the motion. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.

4

Movant concedes his motion was untimely filed. The only issue is whether the motion court clearly erred in finding that Movant failed to meet his burden in proving his late filing was justified under a recognized exception. If a movant cannot demonstrate that his motion was timely, a *pro se* motion can be treated as timely if the movant establishes a recognized exception to the timeliness requirements. ***Dorris v. State***, 360 S.W.3d 260, 267 (Mo. banc 2012). In this case, Movant claims that "circumstances beyond his control, including the Covid-19 pandemic, justified the late receipt of his motion."

While Missouri courts have excused the late filing of a motion in rare circumstances beyond the movant's control, this exception only applies when (1) an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed and (2) any tardiness results *solely* from the active interference of a third party beyond the inmate's control.[7] ***Price v. State***, 422 S.W.3d 292, 301 (Mo. banc 2014). This is not one of those rare circumstances. Here, Movant points us to nothing in the record demonstrating that he had actually prepared the motion before the May 18 deadline or that he did all he reasonably could do to ensure that it was timely filed. Nor does he point us to anything in the record demonstrating that the delay in the filing was caused *solely* by the COVID-19 restrictions in place at the prison. In fact, Movant acknowledged that he received the Form 40 at the beginning of March and had opportunities to visit the law library before the filing deadline. Because Movant failed to

---

[7] There are other recognized exceptions to the timeliness requirements but these exceptions are not at issue in this case.

demonstrate he did everything he reasonably could do to ensure the timely filing of the motion or that the late filing was caused solely by COVID-19 restrictions instituted by a third party, the motion court did not clearly err in dismissing his Rule 24.035 motion for being untimely filed.  Movant's point is denied.

## Conclusion

The motion court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS